IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE SAMUEL GUACHO LEMA,

     Petitioner,

v.                                             No. 1:26-cv-485-KG-GJF

TODD LYONS, et al.,

     Respondents.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Jose Guacho Lema's Motion to Enforce Judgment, Doc. 13, and the Government's Response, Doc. 15. Petitioner argues that the bond hearing held after the Court's prior Order, Doc. 11, did not comply with the due process requirements set forth in that Order. After reviewing the parties' submissions and a digital audio recording ("DAR") of the proceeding, the Court denies the motion to enforce.[1]

### I.   Background

Petitioner, a 43-year-old Ecuadorian citizen, entered the United States in June 2023. Doc. 1 at 4. Petitioner has no criminal history in the United States and has a wife and child in Ecuador. *Id.* On January 10, 2026, the Department of Homeland Security arrested Petitioner in St. Paul, Minnesota. *Id.* at 5. Petitioner remains detained at the Torrance County Detention Facility in New Mexico. Doc. 10 at 1.

Petitioner filed a Petition for a Writ of Habeas Corpus, Doc. 1, and the Court concluded that Petitioner's detention absent a bond hearing violated the Immigration and Nationality Act

---

[1] The DAR of the Bond Hearing (April 2, 2026) is on file with the Court and lodged at Doc. 16 (the "Audio Recording").

("INA") and the Fifth Amendment's Due Process Clause.  Doc. 11 at 2, 4.  The Court ordered the Government to provide a bond hearing within seven days, at which it had the burden to justify his continued detention by clear and convincing evidence.  *Id.* at 4.

An Immigration Judge ("IJ") presided over the hearing on April 2, 2026.  At the outset, the IJ stated: "The Government has the burden of proof."  Audio Recording at 1:36.  The Government argued that Petitioner is a flight risk because he has "no clear ties to the United States" and "no family" in the country.  *Id.* at 2:00.  The IJ denied bond, stating that "the Department has demonstrated by clear and convincing evidence that continued detention is justified."  *Id.* at 3:59.  The IJ also noted that Petitioner "is a recent arrival."  *Id.* at 4:21.  The IJ's written order stated that:

> The Department of Homeland [Security] has justified the Respondent's continued detention by clear and convincing evidence.  The Respondent has been ordered removed.  The Respondent's I-589 application was pretermitted because it does not set forth a viable claim for relief.  The Respondent is a recent arrival to the United States.

Doc. 14-1 at 1.

Petitioner argues that the IJ intentionally disregarded factual findings and failed to apply the correct legal standard.  Doc. 13 at 2.  The Government opposes the motion.  Doc. 15.

## II.    *Analysis*

Petitioner's bond hearing satisfied the due process requirements set forth in this Court's prior order.  Under ordinary circumstances, "the burden" at a bond hearing under 8 U.S.C. § 1226 "is on the noncitizen" to show that detention is unwarranted.  *Salazar v. Dedos*, 2025 WL 2676729, at *3 (D.N.M.).  In granting Petitioner's habeas petition, however, this Court held that due process required shifting that burden to the Government.  Doc. 11 at 5.

2

The record demonstrates that the bond hearing complied with the Court's directive. During the hearing, the IJ acknowledged tis Court's standard, stating "[t]he Government has the burden of proof." Audio Recording at 1:36. The IJ ultimately found that DHS met its burden. *Id.* at 3:59. Therefore, the record reflects that the IJ applied the correct standard.

To the extent Petitioner contends that the IJ did not meaningfully weigh the record, those arguments challenge the sufficiency of the evidence, not the procedures employed at the hearing. The Court's review is limited to whether the procedures required by due process were afforded; it does not extend to reweighing the evidence or revisiting the IJ's discretionary bond determination. *See* 8 U.S.C. §1226(e). Petitioner may challenge the substance of the bond decision through the BIA.

### III. Conclusion

Petitioner's Motion to Enforce this Court's prior habeas Order, Doc. 13, is denied.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales\
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.

3